Alan R. Burns SBN 70328
arburns@harperburns.com
HARPER & BURNS LLP
453 South Glassell Street
Orange, California 92866
Telephone (714) 771-7728
Facsimile (714) 744-3350

Attorneys for Defendant
Costa Mesa Sanitary District

Exempt from Filing Fees
Government Code § 6103

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH, an IRC Section 501(c)(3), non-profit, public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>COSTA MESA SANITARY DISTRICT,<br><br>Defendant. | Case No.: 8:20-CV-01702<br><br>**ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, AND DECLARATORY RELIEF**<br><br>(Environmental – Clean Water Act 33 U.S.C. § 1251 *et seq.*) |

/ / /

/ / /

/ / /

COMES NOW, Defendant, Costa Mesa Sanitary District (hereinafter "Defendant"), and answers as follows:

## I. INTRODUCTION

1. The Defendant denies that it routinely violates any effluent standard or limitation under the Act and denies discharging a pollutant from a point source of water without compliance with the Act.

2. Defendant lacks information and belief to admit or deny if Plaintiff gave the notices alleged, and on those grounds denies the allegations. Plaintiff admits it received a Notice of Violations.

3. Defendant admits that more than 60 days have elapsed since the Notice was served on the Defendant. Defendant denies the remaining allegations of the paragraph.

## II. JURISDICTION AND VENUE

4. Defendant admits the Court has subject matter jurisdiction over the types of actions alleged.

5. Defendant admits that venue is proper but denies that violations occurred and/are occurring.

## III. PARTIES

6. Defendant lacks information and belief to know if Plaintiff is a 501(c) non-profit public benefit corporation or its location and purpose, and on those grounds deny the allegations of the paragraph. Defendant specifically denies that its members were affected by any acts of Defendant or by any interests they may have in the water or watersheds alleged. Defendants further deny any injuries or that there are ongoing violations.

7. Defendant admits the allegations of paragraph 7.

## IV. FACTUAL ALLEGATIONS WHICH GIVE RISE TO CLAIMS

8. Defendant denies the allegations of Paragraph 8.

9. Defendant admits that the EPA has delegated certain authority to the California Water Resources Control Board and its nine Regional Water Quality Control Boards

and that the Santa Ana Regional Water Quality Control Board, Region 8 ("RWQCB") is the entity designated in this area.

10.  Defendant denies the allegations of paragraph 10.

11.  Defendant denies that River Watch has identified discharges of sewage from Defendant's sewage collection system or that it has identified violations. Defendant's assertions in its Notice and Complaint are incorrect and Defendant denies the allegations of paragraph 11. Some of the events alleged occurred as a result of the acts of private parties, some of which were criminal.

12.  Defendant denies that it violated the Act as alleged, or at all, and specifically denies that it violated the Act as alleged. Defendant denies that there are continuing violations or a likelihood of violations occurring in the future. Defendant further specifically responds to the allegations under headings as follows:

A. <u>Sanitary Sewer Overflows, Inadequate Reporting, and Failure to Mitigate Impacts</u>

   i. <u>Collection system subsurface discharges caused by sanitary sewer overflows.</u>

Defendant denies that its sewage collection system has historically experienced high inflow and infiltration. Defendant has expended considerable money and effort to prevent I/I. Defendant has not had a single SSO event caused by I/I.

Plaintiff has misinterpreted the CIWQS Spill Report-summary page and Plaintiff denies all allegations of the paragraph describing these violations and the allegations of what reached the surface water. Plaintiff denies that there is any nuisance existing or that there is imminent and substantial endangerment of the environment. The examples given are grossly mischaracterized and involved private acts of mishandling private sewer testing, a spill caused by a private lateral, and a spill involving a criminal act, respectively.

Defendant further alleges that Plaintiff continues to misrepresent in its allegations that these events alleged occurred in a five-year period, when Plaintiff

knows it was a much greater period. For these reasons, Defendant denies all of the allegations.

### ii. Inadequate Reporting of Discharges

#### a. Incomplete and Inaccurate SSO Reporting

Defendant denies that it incompletely or inaccurately reports its spills and clean-up activities. The SSOs and other events reported were reported accurately. One of the state CIQWS reports does incorrectly use "pm" instead of "am," but otherwise the reports are accurate. Another location accurately reported sewage but it is not obvious that the spill was stopped by another agency earlier, allowing Defendant's forces to perform clean-up and remediation at a later time. Defendant denies Plaintiff's allegations that its reporting was inaccurate.

#### b. Failure to Warn

Defendant denies that it has failed to warn when necessary. Defendant denies these allegations generally and specifically. Defendant employs signs on traffic cones and street barricades.

### iii. Failure to Mitigate

Defendant denies that it failed to adequately mitigate spills. Defendant fully understands its duties under the State WDR and takes all feasible steps and takes remedial action following the occurrence of an SSO including intercepting and re-routing of wastewater flows, vacuum truck recovery of SSOs, clean-up of debris on site and modification of the sewer system to prevent further SSOs. Defendant has diligently adopted plans to address problems in the system and follows those plans. Defendant further denies that it does not sample when appropriate. Sampling is generally required for spills in excess of 50,000 gallons when spilled to surface water. The Orange County Health Care Agency generally performs sampling.

## B. Collection System Subsurface Discharges Caused by Underground Exfiltration

Defendant denies that pipeline cracks and other structural deficiencies in a collection system cause discharges to surface waters. Such leaks, if they exist, would

rarely result in a discharge underground. Defendant denies that if any human markers exist, that they are the result of exfiltration or other causes related to Defendant. Defendant denies the allegations of this paragraph.

C. Impact to Beneficial Uses

    Defendant denies, based on lack of information and belief, the allegations of the paragraphs listed as C.

13.    Defendant denies that the location of violations are identified in records created or maintained by Defendant.

14.    Defendant admits the allegations of paragraph 14.

15.    Defendant admits the allegations of paragraph 15.

**V.    STATUTORY AND REGULATORY BACKGROUND**

16.    Defendant admits that various laws prohibit the discharge of pollutants. Defendant denies that the sewer lines are point sources. Defendant denies that it owns storm water systems.

17.    Defendant denies that all of the waterways detailed in the Complaint are navigable waters of the United States.

18.    Defendant admits that the Santa Ana Regional Water Quality Control Board has been authorized to issue NPDES permits.

19.    Defendant denies that it has been issued an NPDES permit.

**VI.    VIOLATIONS**

20.    Defendant denies the allegations of paragraph 20.

21.    Defendant denies that the violations are detailed in the Notice.

**VII.    CLAIM FOR RELIEF**

22.    Defendant denies the allegations realleged and incorporates its answers to the Paragraphs 1-21 as though set forth herein.

23.    Defendant denies it has violated the CWA as alleged in paragraph 23.

24.    Defendant admits it has self-reported certain SSOs in the past but denies the allegations of this paragraph.

25. Defendant denies the allegations of this paragraph.

## VIII. RELIEF REQUESTED

26. Defendant asks that this Court declare that Defendant did not violate the CWA as alleged in the complaint.

27. Defendant asks that the Court find that there are no ongoing violations or threat of violations that would necessitate an injunction.

28. a) Defendant asks this Court to not order any sewer repair.

   b) Defendant asks as follows with respect to SSO Responses:

   i. That Defendant's SSO response plan be found to be adequate.

   ii. That Defendant not be ordered to conduct sampling as requested, but that its SSO response plan be found adequate.

   iii. That Defendant's SSO Plan with regard to warning signs be found adequate.

   c) That Defendant's root control measures be found to be adequate and further root control measures need not be ordered.

   d) That Defendant not be ordered to adopt infectious disease protocols beyond what it has adopted.

   e) That Defendant's re-certified SSMP be found to be adequate.

   f) That Defendant not be ordered to conduct an environmental study to determine the source of human markers.

29. That Defendant not be ordered to pay civil or other penalties.

30. That Defendant not be ordered to pay attorney's fees and costs.

31. That Defendant be awarded relief that is just and proper.

/ / /

/ / /

/ / /

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the complaint, Defendant Costa Mesa Sanitary District alleges the following as separate and independent affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

As a first affirmative defense, Defendant alleges that the complaint does not state a cause of action in that it alleges violations based on the CIWQS website that clearly does not support the allegations of the cause of action. Specifically, it alleges a number of violations in a five-year period, and a review of the website shows that the number of reported violations were different for the five-year period.

### SECOND AFFIRMATIVE DEFENSES
### (Standing)

As a second affirmative defense, Defendant alleges that its members do not have standing in that they did not use the waters and waterways alleged in the Complaint, and will not suffer harm or irreparable harm by the alleged discharges or violations.

### THIRD AFFIRMATIVE DEFENSE
### (Equities)

As a third affirmative defense, Defendant alleges that the equities do not favor the granting of an injunction.

### FOURTH AFFIRMATIVE DEFENSE
### (No Discharge)

With respect to some or all of Plaintiff's claims, the Defendant's activities did not result in the discharge of an any "pollutant" as defined in the Clean Water Act.

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE
### (No discharge to Navigable Water)

With respect to some or all of Plaintiff's claims, Defendant asserts that there was not a discharge to "navigable waters" of the United States.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

With respect to Plaintiff's claims for injunction and equitable relief, Defendant asserts that Plaintiff is guilty of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Notice Defective)

With respect to the Notice that was required to be given and which was attached to Plaintiff's complaint, Defendant asserts that some of all of the Notice was defective and not in compliance with what the law requires.

## EIGHTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

The complaint is barred by the doctrine of equitable estoppel and res judicata.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

As an affirmative defense, the Plaintiff alleges that the Court lacks subject matter jurisdiction.

## TENTH AFFIRMATIVE DEFENSE
### (Enforcement by State Agencies)

As an affirmative defense, Plaintiff alleges that the State administrative and enforcement entities have exclusive authority to enforce the Clean Water Act and those agencies have not consented to a private enforcement action.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Mootness)

With respect to some or all of Plaintiff's claims, Defendant asserts that certain structural facilities and procedural programs have been fixed so that injunctions and civil penalties are inappropriate.

### TWELFTH AFFIRMATIVE DEFENSE
### (Laches)

As a twelfth affirmative defense, Defendant alleges that Plaintiff has been guilty of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

As a thirteenth affirmative defense, Defendant alleges that Plaintiff has waived its right to sue for certain alleged violations.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a fourteenth affirmative defense, Defendant alleges that the statute of limitations bars the right to sue after five years. Defendant's allegations encompass acts that occurred more than five years ago and beyond the statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Administrative Remedy Preclusion)

As a fifteenth affirmative defense, Defendant alleges that certain of the acts alleged may have already been resolved with state administrative agencies, most notably the Santa Ana Regional Water Quality Control Board and State Water Resources Board.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Intervening Third Party Acts)

As a sixteenth affirmative defense, Defendant asserts that some spills or other events attributed to Defendant were private person or private property spills, and Defendant had no responsibility for those spills or other events.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (Criminal Conduct)

As a seventeenth affirmative defense, Defendant asserts that some of the alleged events and spills were committed or caused by the criminal or intentional wrongful acts of third persons.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (Other Government Entities Responsible)

As an eighteenth affirmative defense, Defendant asserts that some of the spills or other events attributed to Defendant were committed by other government entities that are independent of Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE
## (Compliance with All Laws)

The District's Sewer System Management Plan covers every element required by the State Water Discharge Order. Plaintiff's proposed additional orders are unnecessary.

## TWENTIETH AFFIRMATIVE DEFENSE
## (Homelessness and Other Factors)

The human markers and other pollutants were caused by other factors, including homelessness along the Santa Ana River, runoff from the Costa Mesa Golf Course, which is irrigated with reclaimed water, dogs, and other animals.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## (Vectors Not Caused by Sewage)

Infectious vectors are not caused by sewage spills. Vectors such as mosquitoes utilize any body of water. The latest invasive mosquitoes hardly need any water to propagate. There is no evidence that vectors are caused by sewage.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Root Control)

Defendant already utilizes a more aggressive root control program than prayed for by Plaintiff.

Dated: October 19, 2020           **HARPER & BURNS LLP**

_____
Alan R. Burns
Attorney for Costa Mesa Sanitary District