1  Jack Silver, Esq. SB #160575
2  JSilverEnvironmental@gmail.com
   LAW OFFICE OF JACK SILVER
3  708 Gravenstein Hwy North. # 407
4  Sebastopol, CA 95472-2808
   Tel. (707) 528-8175
5

6  David J. Weinsoff, Esq. SB #141372
   david@weinsofflaw.com
7  LAW OFFICE OF DAVID J. WEINSOFF
8  138 Ridgeway Avenue
   Fairfax, CA 94930
9  Tel. (415) 460-9760

10

11 Attorneys for Plaintiff
   CALIFORNIA RIVER WATCH

12

13 Alan R. Burns, Esq.  SB #70328
   arburns@harperburns.com
14 HARPER & BURNS LLP
   453 South Glassell Street
15 Orange, CA 92866
16 Tel. (714) 771-7728

17 Attorneys for Defendant
   COSTA MESA SANITARY DISTRICT
18

19                UNITED STATES DISTRICT COURT

20                CENTRAL DISTRICT OF CALIFORNIA

21

| CALIFORNIA RIVER WATCH, an IRC Section 501(c)(3), non-profit, public benefit corporation,<br><br>Plaintiff,<br>v.<br><br>COSTA MESA SANITARY DISTRICT,<br><br>Defendant. | Case No.  8:20-cv-01702-MCS-ADS<br><br>**JOINT RULE 26(f) REPORT**<br><br>Judge: Hon. Mark C. Scarsi<br><br>Scheduling Conf.: January 25, 2021<br>Time:                     10:00 am<br>Courtroom:            7C |
|---|---|

27

28

Plaintiff California River Watch ("Plaintiff") and Defendant Costa Mesa Sanitary District ("Defendant") jointly submit this Joint Rule 26(f) Report ("Report") pursuant to the Federal Rules of Civil Procedure and this Court's Order Setting Scheduling Conference dated October 19, 2020.

**(a) Statement of the Case.**

**Plaintiff's Statement**:

Plaintiff conducted an investigation culminating in a federal Clean Water Act ("CWA") 60-Day Notice Letter. Preliminary negotiations with Defendant regarding the environmental concerns raised in the 60-day Notice failed to resolve the dispute leading Plaintiff to file this suit.

Defendant's sewage collection system transports raw sewage flushed from the homes and businesses in the Costa Mesa Sanitary District to a regional sewage treatment facility. The failure of the collection system to operate effectively is the source of Defendant's sewage system overflows ("SSOs") which pollute the Paularino Channel, Upper Newport Bay, and the Pacific Ocean – all of which are waters of the United States. These discharges of sewage from the District's sewage collection system to waters of the United States, without a National Pollutant Discharge Elimination System ("NPDES") permit, are violations of the CWA.

The CWA authorizes common-sense injunctive relief which Plaintiff details in its Complaint. Principal among the available remedies is the request that Defendant undertake and complete a comprehensive sewage collection system investigation and repair program, and initiate an SSO reporting and response program to ensure residents have effective notice of the dangers posed by SSOs. All of the Relief Requested in the Complaint share the goal of providing Defendant's citizens with the opportunity to take immediate and effective steps to ensure their personal health, and eliminating the environmental danger of unpermitted sewage discharges into the community.

**Defendant's Statement:**

Defendant is a sanitary district generally serving the City of Costa Mesa and portions of the City of Newport Beach and unincorporated County of Orange. It has been a leader in Sewer System Management Systems, such systems being required by the State Water Resources Control Board, and was instrumental in showing other agencies how to comply. It has adopted a Sewer System Management Plan, audited that plan for compliance every two years, and is in the process of re-certifying the SSMP since it has now been five years since the last certification. It employs professional engineers to prepare the Plan who are experts in sewer systems. As part of that Plan, it has adopted a pipeline assessment program using the National Association of Sewer Service Companies (NASSCO) Pipeline Assessment Certification Program (PACP) and Manhole Assessment Certification Program (MACP). From 2017 to 2019 the District repaired 311 Grade 5 pipeline segments at a cost of $515,000. The District has identified approximately 24 Grade 4 pipeline segments that need repairing and has allocated money to fix those deficiencies according to a schedule. It is diligently pursuing that schedule.

Although the District strives to have "zero" sewer spills, sewer spills occasionally happen in almost all sewer districts. In some cases, private property owners fail to maintain their private systems, causing overflows. In other cases, third parties dump foreign objects down the sewer and by their intentional and criminal acts, cause sewer spills. The District self-reports these spills to a State data base (the CIWQS reports) website, as it is required to do. The District takes the position that its system is sound and well-maintained and does not have leaks or other defects.

Plaintiff is a nonprofit corporation that files citizen suits and seeks sums of money and attorneys' fees all over the State. It has other lawsuits pending against other agencies that arose in Orange County that it recently filed. It does so primarily by accessing the State's CIWQS public website to find the information that a sewer agency self-reports, then uses that information as the basis for its lawsuit and claim for attorneys' fees. The complaint on file herein utilizes the self-reported information by the District, but it has inaccurately reported the number of spills in the time period alleged and has inaccurately plead other facts.

Defendant District's position is that it is taking all diligent action to maintain its sewer system in a reliable condition, and takes all action within its responsibility to protect the public health. Plaintiff's lawsuit seeking injunctive relief and money damages is unnecessary and adds nothing to what is already being done. Defendant's system is sound and is administered by diligent professionals who act to protect the public health and environment. This is nothing more than an attempt to secure attorneys' fees and funding for its member agencies by accessing a State website.

**(b) Subject Matter Jurisdiction.**

The Court has general subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), and 33 U.S.C. § 1365(a) (CWA citizen suit jurisdiction). The case arises under the federal Clean Water Act, 33 U.S.C. § 1251 *et seq*. While the law provides general subject matter jurisdiction, Defendant does not concede that Plaintiff has interested parties that were injured by Defendant's actions, so standing is an issue.

//

//

**(c) Legal Issues.**

**Plaintiff's Statement:**

Plaintiff brings this case under 33 U.S.C. § 1365(a)(1), alleging violation of an effluent standard or limitation under the CWA. Specifically, Plaintiff alleges the discharge of a <u>pollutant</u> (raw sewage) from a <u>point source</u> (Defendant's sewage collection system) to a <u>navigable water</u> (Paularino Channel, Upper Newport Bay, and the Pacific Ocean) <u>without a permit</u> (NPDES permit).

The Santa Ana Regional Water Quality Control Board issued "Administrative Civil Liability Order in the Matter of Costa Mesa Sanitary District Orange County (Complaint No. R8-2015-0037)" on December 11, 2015, for SSOs occurring on August 31, 2013 and January 1, 2015.  A civil administrative penalty in the amount of $364,130 was assessed by the Board. The penalty was upheld by the Court of Appeal in *Costa Mesa Sanitary District v. Santa Ana Reg'l Water Quality Control Board,* No. G055278 (Fourth Appellate District, Division Three. January 24, 2019).  No injunctive relief was imposed in the Order.

**Defendant's Statement:**

Plaintiff has failed to identify any specific discharge other than three discharges that it ascertained by reviewing the State CIWQS website. In one of those discharges, Acapulco Restaurant had a collapsed private sewer line (the sewer lateral collapsed) that caused a spill. In another case, a criminal act, the dumping of banners down a sewer manhole, caused the sewer to back up. These are events that cannot be anticipated and probably cannot be prevented. Yet Plaintiff seeks to dictate, through an injunction, some sort of plan to force the District to do what it is already doing. Of course, Plaintiff seeks to be awarded attorney's fees for its efforts.

**(d) Parties, Evidence, Etc.**

**Plaintiff's Statement:**

Plaintiff has filed its Certificate under L.R. 7.1-1 certifying there are no other parties with a pecuniary interest in the outcome of this case.

The key documents in this case are those provided by Defendant relating to the current level of condition of Defendant's sewage collection system including ratings and repairs, documents relating to the management of Defendant's sewage collection system including the Sewage System Management Plan, Overflow Emergency Response Plan, and root control. Additional data in this case is the "SSO Public Report," containing information prepared and provided by Defendant via the California State Water Resources Control Board's California Integrated Water Quality System Project ("CIWQS").

**Defendant's Statement:**

Defendant agrees that the above documents are relevant and will submit additional documents showing the District's diligence including its rating system, contracts for repairs, etc. Defendant has inaccurately reported the number of spills in the time frame alleged as the basis of the complaint. Additionally, Defendant understands that the sampling reports that District was originally led to believe existed (supposedly showing that the District polluted) does not exist.

Plaintiff is a nonprofit organization that files lawsuits in California and seeks to recover attorney's fees based on the self-reported spill history filed with the State. But it is not enough to have a subject matter interest in the lawsuit, a plaintiff must also have an "injury in fact." This injury in fact must be specifically alleged and it must be alleged that a person that is a member of the organization has been so injured personally. The

person so injured must be named in the complaint. River Watch has failed to mention any person so injured.

**(e) Damages.**

**Plaintiff's Statement:**

Violators of the CWA are subject to an assessment of civil penalties up to $56,460.00 (for those violations occurring on or after November 2, 2015, where penalties are assessed on or after December 23, 2020) per day/per violation pursuant to U.S.C. §§ 1319(d), 1365, and 40 C.F.R. §§ 19.1 – 19.4.

**Defendant's Statement:**

While Plaintiff is correct about the upper limits of the per day penalty, Plaintiff must first succeed on the merits. It will not be able to show that District must take additional action as the District is taking all appropriate action. Prevailing on a technical point is not sufficient. In some cases, damages in the amount of $1,000 have been awarded. Defendant may further have a defense to the complaint because of (1) "impossibility," because it complied with the permit terms, and because (2) the "upset defense" is appropriate as any spills reported were due to factors beyond District's reasonable control. In any event, the amount of the fine, if any, takes into consideration factors such as culpability and resources, which will be at issue in this trial.

**(f) Insurance.**

Defendant maintains insurance through the Special District Risk Management Authority, 1112 I Street, Suite 300, Sacramento, CA, 95914-2865. Coverage has been denied as the alleged liability arises from a CWA claim.

**(g) Motions.**

**Plaintiff's Statement:**

Plaintiff anticipates no motions seeking to add parties or claims, amend the pleadings, or transfer venue of this action. No motions are currently pending.

**Defendant's Statement:**

Defendant may move for summary judgment on the standing issue.

**(h) Dispositive Motions:**

**Plaintiff's Statement:**

After the initial discovery has been completed, including the taking of the entity deposition of Defendant, Plaintiff intends to file a motion for partial summary judgment for all admitted violations that have occurred on or after May 1, 2015. If the motion for summary judgment is granted, Plaintiff intends to file a motion for an interim award of attorneys' fees and costs. Following the completion of expert discovery, Plaintiff intends to file a motion for summary judgment as to any claims or violations not resolved in Plaintiff's motion for partial summary judgment.

**Defendant's Statement:**

Defendant anticipates that it will file a motion for summary judgment based on the lack of standing of River Watch, after discovery. Plaintiff has not identified a single member of the organization that suffered an injury in fact. Associations with general subject matter in the litigation do not have standing. A member must have suffered an injury from Defendant's actions, and that member must be identified.

Defendant anticipates that it may file a motion to dismiss on other grounds, including that it is not in violation of any regulation or standard, and is proactively taking measures to protect the health and safety of its citizens and the water quality of

the waters of the United States. There is no basis to issue an injunction directing the District to do more, the District already has an aggressive Sewer System Management Plan and prioritizes repairs based on recognized deficiency parameters

### (i) Manual for Complex Litigation.

This matter is not complex litigation, and no portion of the procedures of the Manual for Complex Litigation should be utilized.

### (j)     Status of Discovery.

**Plaintiff's Statement:**

The parties conducted their FRCP 26(f) Conference on November 18, 2020, after which Plaintiff served a First Request for Production of Documents and ESI, a Notice of Taking Entity Deposition of Defendant, and a First Set of Special Interrogatories.

Defendant has made numerous documents available to Plaintiff which will significantly reduce Plaintiff's Requests for Production.

**Defendant's Statement:**

Defendant will make additional disclosures of its documents that memorialize its efforts to maintain the sewer system. Defendant seeks documents from Plaintiff that show how its members were injured. Defendant seeks sampling data and studies, reports that allegedly show "human markers" such as caffeine and bacteroides in variously relevant waters. Defendant has been informed that "sampling reports" may not exist. We have served interrogatories and requests for documents that will be due at the time of the Scheduling Conference. Defendant is also informed of the person who has performed sampling for the organization, and District may take her deposition. This should shed further light on whether there are any grounds for this lawsuit.

**(k)     Discovery Plan.**

**Plaintiff's Statement:**

The parties have engaged in informal discovery. Defendant has been very cooperative and has provided Plaintiff with numerous public documents not available online. In addition to the documents already provided by Defendant, Plaintiff prepared and served initial discovery as described in Section (j) above in January of 2021. Once responses to Plaintiff's initial discovery have been received and reviewed, Plaintiff make seek to take the depositions of other of Defendant's specific staff.

**Defendant's statement**:

Plaintiff has provided informal discovery. Defendant needs to discover what members were injured, how they were injured, what its studies show, what proof it has of violations, what permit did Defendant violate, what standard or limitation of the permit was violated, and on what occasions does it contend Defendant's violated the Clean Water Act. Defendant also seeks to understand what proof Plaintiff has of violations, and what it proposes to do, above and beyond what the District is already doing, to justify an injunction. Defendant has submitted a first set of interrogatories and document requests, which will provide the grounds for further discovery.

**(l)     Discovery Cut-Off.**

The parties propose a non-expert discovery cut-off date of July 30, 2021.

**(m)     Expert Discovery.**

The parties propose the following discovery schedule:

| Event | Date |
|---|---|
| Last day for initial expert disclosure | 07-30-2021 |
| Last day for rebuttal expert disclosure | 08-20-2021 |
| Expert discovery cut-off | 09-03-2021 |

9

**(n) Settlement Conference/ Alternative Dispute Resolution ("ADR").**

The parties have initiated settlement discussions. Plaintiff provided Defendant with a settlement proposal on August 12, 2020, which was rejected by letter without a counter-offer on August 27, 2020.

The parties agree to a Settlement Conference with a Magistrate Judge and will file Court Form ADR-1 as per L.R. 16.15.2.

**(o) Trial Estimate.**

Plaintiff requests a court trial and estimates the length of trial to be 3-4 days. Plaintiff contemplates calling approximately five (5) witnesses.

Defendant requests a court trial and estimates the length of trial to be 5-6 days. Defendant contemplates calling five (5) witnesses.

**(p) Trial Counsel.**

Plaintiff will be represented at trial by Jack Silver, Esquire.

Defendant will be represented at trial by Alan R. Burns.

**(q) Independent Expert or Master.**

The parties agree the appointing of a master pursuant to Fed. R. Civ. P. 53 will not be necessary.

**(r) Schedule Worksheet.**

The parties' completed Schedule Worksheet is attached to this Report.

**(s) Other Issues.**

The parties know of no other issues at this time.

//

//

| | | |
|---|---|---|
| 1 | DATED:  January 7, 2021 | LAW OFFICE OF JACK SILVER |
| 2 | | |
| 3 | | By: /s/ Jack Silver |
| | | Jack Silver |
| 4 | DATED:  January 7, 2021 | LAW OFFICE OF DAVID J. WEINSOFF |
| 5 | | |
| 6 | | By: /s/ David J. Weinsoff |
| | | David J. Weinsoff |
| 7 | | Attorneys for Plaintiff |
| 8 | | CALIFORNIA RIVER WATCH |
| 10 | DATED: January 8, 2021 | HARPER & BURNS LLP |
| 11 | | |
| 12 | | By:    /s/ Alan R. Burns |
| | | Alan R. Burns |
| 13 | | Attorney for Defendant |
| | | COSTA MESA SANITARY DISTRICT |

*Filer's Attestation:*   *Jack Silver hereby attests that concurrence in the filing of this document and its content has been obtained by all signatories.*

Dated: January 11, 2021          /s/  *Jack Silver*
                                                     Jack Silver

---

11

JOINT RULE 26(F) REPORT                                                          NO. 8:20-CV-01702-MCS-ADS

# JUDGE MARK C. SCARSI
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
**The Court ORDERS the parties to make every effort to agree on dates.**

| Case No. 8:20-cv-01702-MCS | Case Name: California River Watch v Costa Mesa Sanitary District | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy | **Court Order** mm/dd/yyyy |
| Check one: ☐ Jury Trial or ☒ Court Trial (*Tuesday* at 8:30 a.m., within 18 months after Complaint filed) Estimated Duration: 3 to 4 Days - Pltf.; 5-6 days - Def. | | | ☐ Jury Trial ☐ Court Trial ____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (*Friday* at 11:00 a.m., at least 18 days before trial) | 11-26-21 | 11-26-21 | |
| **Event** [1] *Note:* Hearings shall be on Monday at 9:00 A.M. Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy | **Court Order** mm/dd/yyyy |
| Last Date to *Hear* Motion to Amend Pleadings /Add Parties [Friday] | | 03-26-21 | 03-26-21 | |
| Non-Expert Discovery Cut-Off (no later than deadline for *filing* dispositive motion) | 17 | 07-30-21 | 07-30-21 | |
| Expert Disclosure (Initial) | | 07-30-21 | 07-30-21 | |
| Expert Disclosure (Rebuttal) | | 08-20-21 | 08-20-21 | |
| Expert Discovery Cut-Off | 12[2] | 09-03-21 | 09-03-21 | |
| Last Date to *Hear* Motions [Friday]<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 09-03-21 | 09-03-21 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select one:* ☒ 1. Magistrate Judge *(with Court approval)* ☐ 2. Court's Mediation Panel ☐ 3. Private Mediation | 10 | 09-17-21 | 09-17-21 | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 11-05-21 | 11-05-21 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 10-29-21 | 10-29-21 | |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. <u>Class actions and patent and ERISA cases in particular may need to vary from the above.</u>

[2] The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.